```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 16-CV-21546-MOORE
                                 (06-CR-20329-MOORE)
                         MAGISTRATE JUDGE P. A. WHITE
```

VICTOR POLANCO-CABRERA,            :

    Movant,                        :      REPORT RE TRANSFER IN
                                                             THE INTEREST OF JUSTICE
v.                                 :

UNITED STATES OF AMERICA,          :

    Respondent.                    :
_____

## I. Introduction

The Movant, a federal prisoner, filed a *pro se* "Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255(f)(3)," in criminal case number 06-CR-20329-MOORE. (Cr-DE# 118). The Movant presently attacks his sentence following a guilty plea to conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin. The Clerk opened this matter as a new civil case. Id.

The Court has referred the matter to the undersigned for consideration and report pursuant to United States Code Title 28, Section 636(b)(1)(B) and the Rules Governing Section 2255 Cases in the United States District Courts. (Cv-DE# 3).

The undersigned recommends that this cause be transferred to the Eleventh Circuit Court of Appeals in the interest of justice.

## II. Claims

Construing the pro se pleading liberally, Haines v. Kerner, 404 U.S. 519 (1972), the Movant appears to raise the following

claims in his Section 2255 motion:

1. The Movant's Florida burglary conviction no longer supports a career offender enhancement pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), and his sentence should be recalculated; and

2. Johnson is retroactively applicable on collateral review and invalidates the Career Offender Guidelines' residual clause.

### III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The Movant was charged along with a co-defendant in a narcotics distribution conspiracy. The charges pertaining to the Movant are: Count (1), conspiracy to possess with intent to distribute 100 grams or more of heroin; and Count (2), possession with intent to distribute 100 grams or more of heroin. (Cr-DE# 9). He pled guilty to Count (1) in exchange for the Government's dismissal of Count (2). (Cr-DE# 30). The Court adjudicated him guilty and sentenced him to 210 months' imprisonment followed by four years of supervised release. (Cr-DE# 39). The Eleventh Circuit Court of Appeals affirmed on February 6, 2008. United States v. Polanco-Cabrera, 264 Fed. Appx. 807 (11th Cir. 2008).

The Movant filed his first Section 2255 motion to vacate on July 7, 2010, which was opened as a separate civil case, number 10-CV-22312. (Cr-DE# 109). The Court denied relief on the merits. (10-22312 DE# 36). The Eleventh Circuit denied a certificate of appealability on April 1, 2013, and denied reconsideration on July 18, 2013. (10-22312 DE# 44, 45).

The Movant filed his second Section 2255 motion to vacate on September 24, 2015, which was opened as a separate civil case,

number 15-CV-23579. (Cr-DE# 113). The Court dismissed it for lack of jurisdiction as an unauthorized second or successive Section 2255 motion to vacate on October 26, 2015. (15-23579 DE# 6).

The Movant filed the instant motion to vacate on April 13, 2016.

## IV. Discussion

Post-conviction relief is available to a federal prisoner under Section 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A federal prisoner who already filed a Section 2255 motion and received review of that motion is required to move the court of appeals for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct sentence. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

If a movant files a second or successive habeas petition without first seeking permission from the appellate court, however, the District Court is without jurisdiction to entertain it. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The Movant previously filed a Section 2255 motion to vacate that was denied on the merits in case number 10-CV-22312. He then filed a second Section 2255 motion to vacate in case number 15-CV-23579, which was dismissed for lack of jurisdiction as an unauthorized second or successive Section 2255 motion to vacate. He then filed the instant motion to vacate without first seeking authorization from the Eleventh Circuit Court of Appeals. The instant motion is an unauthorized second or second Section 2255 motion and, therefore, this Court lacks jurisdiction until such time as the Eleventh Circuit grants the Movant leave under Section 2244(b)(3)(A). See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

In this case, the Movant seeks relief pursuant to Johnson, in which the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S.Ct. at 2563. In other words, Johnson "narrowed the class of people who are eligible for" an increased sentence under the Armed Career Criminal Act. In re Rivero, 797 F.3d 986 (11th Cir. 2015)(citing Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1278 (11th Cir. 2013)).

On April 18, 2016, the Supreme Court made Johnson retroactively applicable to cases on collateral review. See Welch v. United States, 136 S.Ct. 1257 (2016). The Eleventh Circuit has recognized that its decision in In Re Franks, 815 F.3d 1281 (11th Cir. 2016), that held Johnson could not serve as a basis for a

4

second or successive Section 2255 motion, is "no longer good law," in light of Welch. See In Re Robinson, 2016 WL 1583616 (11th Cir. Apr. 19, 2016). The Court indicated in its concurrence that petitioners in the Movant's situation who are seeking to file a second or successive Section 2255 motion, may only have until **June 26, 2016**, to request leave or otherwise refile applications with the Eleventh Circuit seeking permission to file a successive Section 2255 motion based on Johnson.[1] Although the Supreme Court in Welch has made Johnson retroactively applicable to cases on collateral review, the Movant must still seek permission from the Eleventh Circuit before filing this second motion with this Court. See 28 U.S.C. § 2244(b)(3)(A).

The undersigned usually recommends that unauthorized second or successive Section 2255 motions be dismissed for lack of jurisdiction and instructs movants to apply to the Eleventh Circuit for the authorization required by Section 2244(b)(3)(A).

However, given the time constraints imposed under the AEDPA and in the interests of justice, a direct transfer of this case to the Court of Appeals pursuant to 28 U.S.C. § 1631[2] is warranted.

---

[1] In so noting, the Court cited Dodd v. United States, 545 U.S. 353, 359 (2005), which makes it difficult for applicants filing second or successive § 2255 motions to obtain relief because the Supreme Court rarely announces a new rule of constitutional law and makes it retroactive within a year. In fact, Johnson was decided by the Supreme Court in June 2015. The Supreme Court did not make it retroactive to cases on collateral review until April 2016, almost a year later. Thus, petitioners have scant time within which to perfect their filings.

[2] Title 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer

The direct transfer of the case, when viewed not only as a successive Section 2255 motion to vacate, but as an application seeking permission to file such a motion, would avoid the possibility that Movant's request would fail to reach the Eleventh Circuit in a timely fashion and render his second Section 2255 time-barred. See generally Guenther v. Holt, 173 F.3d 1328 (11th Cir. 1999).

### IV.   Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to the Movant's claim. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore,

---

> such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## V.  Conclusion

Based on the foregoing, it is RECOMMENDED that: (1) this case be directly transferred to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for the Movant to request authorization to file a successive Section 2255 motion to vacate pursuant to 28 U.S.C. § 2244 (b)(3)(A); (2) no certificate of appealability be issued; (3) notwithstanding the foregoing, the Clerk immediately provide the Movant with a form to seek authorization from the Court of Appeals to file a successive Section 2255 motion; and (4) this case be STAYED and ADMINISTRATIVELY CLOSED with instructions to the Movant that he file a notice with the court within thirty days of receipt from the Eleventh Circuit authorizing him to file a successive Section 2255 motion with this court so that the case can be reopened by the Clerk.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 6th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Christopher Henderson
      98192-004
      Edgefield
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 725
      Edgefield, SC 29824
      PRO SE

      United States Attorney's Office
```